UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARRY A. POWELL, <br><br> Petitioner, <br><br> v. <br><br> MIKE OBENLAND, <br><br> Respondent. | CASE #: 3:17-cv-05341-RJB-DWC <br><br> ORDER DENYING PETITIONER'S MOTION TO AMEND |

THIS MATTER comes before the Court on Petitioner's Motion to Amend (Dkt. 15). The Court has considered the motion, Respondent's Response (Dkt. 19), and the remainder of the file herein. Petitioner did not file a Reply.

On June 2, 2017, Petitioner filed a federal habeas petition under 28 U.S.C. §2254. The Petition challenges the calculation of his end release date (Ground Two) and procedures and conditions relating to Petitioner's placement into community custody (Ground One and Ground Three). Dkt. 6. On July 20, 2017, Respondent filed a Motion to Dismiss Pursuant to 28 U.S.C.

- 1

§2244(d), seeking dismissal on grounds that the claims are both procedurally barred and barred by a one year statute of limitations. Dkt. 11.

On August 25, 2017, Petitioner filed a pleading that appears to focus on how Respondent erred in the calculation of Petitioner's end release date. Dkt. 15. Magistrate Judge David W. Christel has construed this pleading as a motion to amend the petition, and he gave both parties the chance to oppose or defend the motion. Dkt. 18. Respondent filed a Response, Dkt. 19, but Petitioner did not file a Reply.

Because the motion to amend is not brought within 21 days of the initial petition, the motion falls under Federal Rule of Civil Procedure 15(a). Rule 15(a) allows for leave "by leave of court or by written consent of the adverse party" and should be "freely given when justice so requires." *Id*. See *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). In exercising discretion, courts should apply the rule to serve its underlying purpose, to facilitate a decision on the merits, rather than the pleadings or technicalities. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987). There are limitations on the policy favoring amendments, if the party opposing the amendment can show undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies, undue prejudice, or futility of the proposed amendment. *United States v. SmithKline Beecham*, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001); *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001); *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Respondent argues that allowing Petitioner to amend will not cure the Petition's fatal defects, namely, the failure to exhaust available state court remedies and to file within the statute of limitations. Dkt. 19.

Applying Rule 15(a) to this case, the motion to amend should be denied. Petitioner has made no showing that "justice so requires" amendment, nor should the Court assume a particular motive on Petitioner's behalf.

The Court does not reach the merits of Respondent's arguments, which substantially overlap with the pending motion to dismiss. Further, to the extent Petitioner's pleading (Dkt. 15) should be construed as a Response to Respondent's Motion to Dismiss, this Court makes no finding about the underlying motion.

* * *

THEREFORE, Petitioner's Motion to Amend (Dkt. 15) is HEREBY DENIED WITHOUT PREJUDICE.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of October, 2017.

ROBERT J. BRYAN
United States District Judge