UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARRY A POWELL,

        Petitioner,

v.

MIKE OBENLAND,

        Respondent.

CASE NO. 3:17-CV-05341-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: December 15, 2017

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Barry A. Powell filed his federal habeas Petition on May 8, 2017, pursuant to 28 U.S.C. § 2254, seeking relief from the improper execution of his state sentence. *See* Dkt. 1. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice.

**I.    Background**

On May 4, 2015, Petitioner pled guilty to assault in the third degree in the Pierce County Superior Court. *See* Dkt. 11-1, p. 2. Petitioner was sentenced to 51 months imprisonment and 9

1  months of community custody. *See id*. at pp. 10-11. Petitioner challenged his conviction and
2  sentence on direct appeal, but moved to voluntarily withdraw his appeal on January 20, 2016. *Id*.
3  at pp. 21-25. The Court of Appeals of the State of Washington dismissed Petitioner's direct
4  appeal without prejudice on February 12, 2016. *Id*. at p. 29. On March 22, 2016, the state court
5  of appeals issued its mandate. *Id*. at p. 31. There is no evidence Petitioner filed a personal
6  restraint petition ("PRP") seeking state post-conviction relief.

7        On May 8, 2016, Petitioner filed the Petition raising the following four grounds: (1)
8  "approved release address by Department of Corrections;" (2) "proper exhaustive authoritive (sic)
9  procedure on how to apply 33.3% off and county awarded credits;" (3) "community custody,
10 community placement, community supervision;" and (4) "proper interpretation of the arithmetic
11 formula according to senate bill for 33% off sentence." Dkt. 6. Petitioner does not explain his
12 grounds for relief. However, the Court interprets his grounds as challenging the calculation of his
13 release date (Grounds 2 and 4) and the procedures relating to his placement in community custody
14 (Grounds 1 and 3).

15       Respondent filed a Motion to Dismiss asserting the Petition is untimely. Dkt. 11. He also
16 contends Petitioner failed to exhaust Grounds 1 – 4, and these grounds are now barred from federal
17 review. *Id*. Respondent served the Motion to Dismiss on Petitioner on July 20, 2017. *Id*. at p. 11;
18 Dkt. 13. Petitioner filed a Supplement to the Petition on August 25, 2017. Dkt. 15. The Court
19 interpreted the Supplement to the Petition as a Motion to Amend and directed Respondent to file a
20 response to the Motion to Amend. *See* Dkt. 18. Respondent filed a Response and the Honorable
21 Robert J. Bryan, the District Judge assigned to this case, denied the Motion to Amend on October
22 18, 2017. The Motion to Dismiss became ready for the Court's consideration on October 20, 2017.
23 *See* Dkt. 18.

24

## II. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved on the existing state court record.

## III. Discussion

### A. Statute of Limitations

Respondent first argues the Petition should be dismissed with prejudice because it was filed more than one year after Petitioner's underlying conviction became final. Dkt. 11. Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Although the conclusion of direct review typically marks the beginning of the

---

[1] Section 2244(d)(1) states, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

statutory one year period, section 2244(d)(1)(D) provides an alternative. Under section 2244(d)(1)(D), the one year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, Petitioner challenges the calculation of his release date, asserting he should be released on July 17, 2017. Dkt. 6, p. 16. He also challenges the procedures surrounding his release into community custody, including the Department of Corrections' ("DOC") acceptance of his release address. *Id*. at pp. 5, 8. While Petitioner has not specified when he discovered the factual predicates of his claims, Petitioner would not have been aware that he was not going to be released on his alleged proper release date until July 17, 2017. He also would not have been aware that the DOC incorrectly applied the statutes to his application for release into community custody until after he applied for release.

The Court finds the statute of limitations for Petitioner's grounds for relief did not begin to run when Petitioner's conviction became final, as alleged by Respondent. Rather, the statute of limitations began to run on the date Petitioner could have discovered that he was not going to be released on his early release date of July 17, 2017. Petitioner filed the Petition in May of 2017, two months prior to his alleged release date. As the Petition was filed within one year of Petitioner's alleged proper release date, the Court finds Respondent has not shown the Petition is untimely. *See Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (finding the statute of limitations began to run on the date the petitioner believed his sentence should have

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

expired); *Loomis v. Blades*, 2006 WL 2265260, at *3 (D. Idaho Aug. 8, 2006) (finding, when a petitioner is challenging the execution or administration of a sentence, the claim cannot be brought before the time when the petitioner alleges he should have been released); *May v. Ryan*, 2013 WL 3379361, at *4 (D. Ariz. July 8, 2013) (determining the petition was still untimely when the statute of limitations began to run on the date the petitioner learned he was not going to be released on his early release date).

B. Exhaustion of State Remedies

Respondent also asserts Petitioner failed to exhaust his state remedies and thus his Petition should be dismissed. Dkt. 11. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir.2005) (internal citations omitted).

It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay*, 403 F.3d at 668. Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

Respondent asserts Petitioner did not raise Grounds 1-4 on direct appeal and has not filed a PRP. Dkt. 11. In his Petition, Petitioner states he did not raise the four grounds on direct appeal because the grounds had not yet "been acknowledged." Dkt. 6, pp. 6-7, 9-10. While Petitioner states he raised Ground 1 in a post-conviction proceedings, he states he complied with the grievance process and filed a habeas corpus with the associate superintendent, presumably in the correctional facility where he is housed. *Id.* at pp. 6-7. There is no evidence Petitioner exhausted the state court remedies to the highest state court for Grounds 1-4. As Petitioner bears the burden of proving he exhausted the available state court remedies and as there is no evidence showing Petitioner gave the state court a full and fair opportunity to determine if a federal constitutional violation occurred, Grounds 1 – 4 were not properly exhausted. *See Braley v. Crownes*, 2005 WL 2304273, at *1 (E.D. Cal. Sept. 20, 2005) (dismissing petition for failure to exhaust where the petitioner claimed he was entitled to be released, but had not raised the claims to the highest state court).

C. Procedural Default

Respondent contends the grounds raised in the Petition are also procedurally defaulted. Dkt. 11. Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*,

290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons or it is clear the state court would hold the claim procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the petition on the merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

However, if there is a state remedy available, Petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). Respondent argues the case is procedurally barred because Washington State imposes a one-year statute of limitations on filing a collateral attack on a judgment and sentence in a criminal case. *See* Dkt. 11; RCW § 10.73.090. Here, Petitioner is not attacking his judgment or sentence; rather, he is attacking the execution of his sentence. Therefore, the 1 year limitation period under RCW §10.73.090 is not applicable. *See Ashby v. Payne*, 2006 WL 851705, at * 3 (W.D. Wash. Jan. 20, 2006) (finding RCW § 10.73.090 was not applicable where the petitioner was challenging the county jail's failure to give the petitioner good conduct time).

Petitioner alleges the state is incorrectly calculating early release dates. Specifically, the state incorrectly calculated his release date, and his release date should have been July 17, 2017. Further, he challenges the state's procedures for releasing an individual into community custody. Washington courts have held a PRP challenging a decision on release from custody need not meet the threshold requirements of collateral relief and that in these types of cases a petitioner must only meet the requirements of Rules of Appellate Procedure ("RAP") 16.4. *See Matter of Cashaw*, 123 Wash. 2d 138, 149 (1994); *In re Stevens*, 191 Wash.App. 125, 134 (2015) (applying RAP 16.4 to PRP filed by a petitioner challenging the DOC's denial of the petitioner's

request for earned release credit). As Petitioner is challenging his release date and procedures surrounding his release into community custody, the Court finds state remedies remain available for Petitioner to properly exhaust his grounds for relief. Petitioner failed to properly exhaust his state remedies; however, state remedies remain available to him. Accordingly, the undersigned recommends Petitioner's Petition be dismissed without prejudice.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

### V. Conclusion

For the above stated reasons, the Court finds Respondent has not shown the Petition is untimely. Respondent, however, has shown the Petition is unexhausted. As there is an available state remedy, the Court recommends the Motion to Dismiss be granted and the Petition be dismissed without prejudice. No evidentiary hearing is necessary and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 15, 2017, as noted in the caption.

Dated this 30th day of November, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge